FILED
DIVISION 5
17-Nov-2023 13:48
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _____

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| **ENTERPRISE BANK & TRUST** | ) | |
| | ) | **Case No.: 2316-CV28464** |
| **Plaintiff,** | ) | |
| **v.** | ) | **Division: 5** |
| | ) | |
| **MULUNGAS II, LLC et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## STIPULATED ORDER APPOINTING RECEIVER

Plaintiff Enterprise Bank & Trust's Motion for Appointment of Receiver for Defendants Mulungas II, LLC, f/k/a Force Commercial Building, LLC, a Missouri limited liability company ("Mulungas II"), Mulungas I LLC, f/k/a Mulungas, LLC, a Missouri limited liability company ("Mulungas I"), Empirical Prime, LLC f/k/a Force Midwest, LLC, a Missouri limited liability company ("Empirical"), Apex Specialty Vehicles, LLC, a Missouri limited liability company ("Apex"), MAG Trucks, LLC, a Missouri limited liability company ("Mag"), EP Manufacturing LLC f/k/a Mid Western Automotive, LLC, a Missouri limited liability company ("EP" and together with Mulungas I, Mulungas II, Empirical, Apex and Mag, collectively the "Borrowers" or "Defendants" and each a "Borrower" or "Defendant") with Supporting Suggestions (the "Motion"), pursuant to Mo. Rev. Stat. § 515.500 et seq. and Mo. R. Civ. P. 68.02, came before the Court on November 3, 2023. After reviewing the Motion, Verified Petition, and the Objection of the Defendants, the Court found that it had jurisdiction over the parties and the subject matter; that the legal prerequisites for the appointment of a receiver had been met; and that equity was served by the appointment of a general receiver. On November 3, 2023, the Court issued a Limited Order for Appointment of Receiver (the "Temporary Order") appointing Erik White, a member of Harney Partners as the temporary receiver. Mr. White declined the appointment in the Temporary

609525773.3

Order on the terms contained therein. The Court hereby vacates and sets aside its Temporary order.

For the reasons set forth herein, as well as those set forth in Plaintiff's pleadings, the Court enters the following orders:

IT IS ORDERED that Brent King, Managing Director of Glass Ratner Advisory and Capital Group, be, and he hereby is, appointed the general receiver ("Receiver") of Defendants Mulungas II, Mulungas I, Empirical, Apex, Mag, and EP, pursuant to the Missouri Commercial Receivership Act, Mo. Rev. Stat. § 515.500 et seq. (MCRA), and Mo. R. Civ. P. 62.08, limited to the orders of the Court outlined herein, to serve with bond. Unless otherwise expressly set forth in this or a subsequent separate Order, the provisions of the MCRA shall control Receivership administration. The Receiver shall take such action as is in the best interests of Plaintiff and creditors and parties in interest. With respect to taking over the affairs of the Borrowers:

**A.      Definitions, Receivership Property, and Bond.**

1.      <u>Definitions</u>. Capitalized terms used in this Order and not otherwise defined herein shall have the meanings ascribed to such terms in the Missouri Commercial Receivership Act, Mo. Rev. Stat. § 515.500, et seq. Additionally, for purposes of this Order:

(a)      The term "<u>Income</u>" means, collectively, all cash, cash on hand, checks, cash equivalents, credit card receipts, demand deposit accounts, bank accounts, cash management or other financial accounts, bank or other deposits, and all other cash collateral (all whether now existing or later arising); current and past-due earnings, revenues, rents, issues and profits, accounts, and accounts receivable (all whether unpaid, accrued, due, or to become due); all claims to rent, issues, profits, income, cash collateral, and all other gross income derived with respect to the business operations of the Borrowers, regardless of whether earned before or after entry of this Order.

(b)      The term "<u>Receivership</u>" means the estate created pursuant to this Order including all Receivership Property and the interests, rights, powers, and duties of the Receiver and all Parties-In-Interest relating to Receivership Property.

(c)      The term "<u>Receivership Action</u>" means the current action commenced by filing the Verified Petition.

(d)  The term "<u>Receivership Property</u>" means and includes any right, title, and interest of the Borrowers, whether legal or equitable, tangible or intangible, in real and personal property, regardless of whether such Receivership Property is in Borrowers' or a third party's possession and regardless of the manner by which such rights were or are acquired including, without limitation:

(i)  All assets, facilities, and offices of the Borrowers together with all records, correspondence, and books of account;[1]

(ii)  All tangible and intangible property used or useable in connection with the operations of the Borrowers including, without limitation, inventory, equipment, furniture, insurance premium refunds, insurance proceeds, utility deposits and deposits of every other kind related thereto, causes of action, escrow agreements, and all cash on hand, bank accounts, credit card receipts, bank deposits, security deposits and other cash collateral.

(iii)  All Income;

(iv)  Any refund or reimbursement of taxes, whether for taxes paid by the Receiver or the Borrowers, and whether pertaining to any tax period before or after the entry of this Order, and the right to institute or continue any contest, protest, or appeal of any ad valorem tax or assessment, real estate tax, personal property tax, or other tax or assessment pertaining to the Receivership Property;

(v)  All fixtures, trade fixtures, and tenant improvements of every kind or nature located in or upon or attached to, or used or intended to be used in connection with the operation of the Borrowers and any buildings, structures or improvements (to the full extent of the Borrowers' interest in such);

(vi)  All permits, licenses, other contracts, and other intangible property pertaining to the Borrowers;

(vii)  All trade names and trademarks owned by the Borrowers or used by the Borrowers pursuant to a valid license agreement;

(viii)  All books, records, accounts, and documents that in any way relate to the Borrowers, or Income;

(ix)  All other property, estate, right, title and interest as described in the loan documents by and among the Borrowers and Plaintiff; and

(x)  The attorney-client privilege for the Borrowers.

2.  <u>Surety Bond</u>. Before entering upon his duties, the Receiver shall execute a bond with one or more sureties approved by the Court in the amount of TEN THOUSAND AND NO/100

---

[1]  A list of locations and bailees holding certain of Borrowers' assets is attached as Exhibit A.

609525773.3

3

DOLLARS ($10,000.00) conditioned that the Receiver will faithfully discharge his duties in accordance with this Court's orders and state law. This bond runs in favor of all persons having an interest in this Receivership proceeding or Receivership Property and in favor of state agencies.

3.      <u>Control of Receivership Property</u>. The Receiver is hereby authorized to immediately enter upon, receive, recover and take complete, entire, and exclusive possession and control of the Receivership Property until further Order of the Court.

4.      <u>Turnover of Receivership Property</u>.  Pursuant to Mo. Rev. Stat. § 515.550, and upon demand by the Receiver, any person, including the Borrowers, shall turn over Receivership Property that is within the possession or control of that person unless otherwise provided for in this Order or ordered by the Court for good cause shown.  The Receiver by motion may seek to compel turnover of Receivership Property pursuant to this Order as against any person over which the Court first establishes jurisdiction, unless there exists a bona fide dispute with respect to the existence or nature of the Receiver's possessory interest in the Receivership Property, in which case turnover shall be sought by means of a legal action. In the absence of a bona fide dispute with respect to the Receiver's right to possession of Receivership Property, the failure to relinquish possession and control to the Receiver shall be punishable as a contempt of the Court. Should the Court, after Notice and a Hearing, order the turnover of property to the Receiver, the party against which such order is made shall have the right to deliver a bond executed by such party as principal together with one or more sufficient sureties providing that the principal and each such surety shall each be bound to the Receiver in double the amount of the value of the property to be turned over, should the property not be turned over to the Receiver when such order becomes final. Absent such bond, the property ordered to be turned over to the Receiver shall be immediately turned over to the Receiver within ten (10) days after entry of the Order. Notwithstanding the foregoing, nothing in this Order shall be deemed to change or modify the provisions of Mo. Rev. Stat §

609525773.3

4

515.550, and in the event of any inconsistency between this Order and such statutory provision, the latter shall control.

**B.       General Powers and Duties**

5.       <u>Receiver's Powers</u>. The Receiver shall have the usual powers vested, conferred, enjoyed and exercised by receivers as set forth pursuant to Mo. Rev. Stat. § 515.500 et seq., not

6.       inconsistent with this Order, including,  the following:

(a)       To operate the business of the Borrowers and manage the Receivership Property;

(b)       To incur or pay expenses incidental to the Receiver's preservation and use of Receivership Property, and otherwise in the performance of the Receiver's duties, including the power to pay obligations incurred prior to the Receiver's appointment if and to the extent that payment is determined by the Receiver to be prudent in order to preserve the value of the Receivership Property;

(c)       To do all the things which the Borrowers may do in the exercise of ordinary business judgment, or in the ordinary course of the operation of the Borrowers' business as a going concern or use of the Receivership Property including, without limitation, the purchase and sale of goods or services in the ordinary course of such business, and the incurring and payment of expenses of the business or property in the ordinary course;

(d)       To assert any rights, claims, or choses in action of the Borrowers, if and to the extent that the rights, claims, or choses in action are themselves property within the scope of the appointment or relate to any Receivership Property, to maintain in the Receiver's name or in the name of the Borrowers any action to enforce any right, claim, or chose in action, and to intervene in actions in which the Borrowers are a party for the purpose of exercising the powers under this subsection;

(e)       To intervene in any action in which a claim is asserted against the Borrowers, for the purpose of prosecuting or defending the claim and requesting the transfer of venue of the action to this Court. However, the actions shall not be transferred in which a state agency is a party and as to which a statute expressly vests jurisdiction or venue elsewhere;

(f)       To seek and obtain advice or instruction from the Court with respect to any course of action with respect to which the Receiver is uncertain in the exercise of the Receiver's powers or the discharge of the Receiver's duties;

(g)       To obtain appraisals with respect to Receivership Property;

(h)       To compel by subpoena any person to submit to an examination under oath, in the manner of a deposition in accordance with rule 57.03 of the Missouri Rules of Civil Procedure, with respect to Receivership Property or any other matter that may affect the administration of the Receivership;

(i)     To assume, reject, or assign executory contracts and unexpired leases pursuant to the provisions of Mo Rev. Stat. § 515.585;

(j)     Assume ownership of the attorney-client privilege for the Borrowers;

(k)     Divert or collect mail directed to the Borrowers (and the U.S. postal service shall be directed to accept any change of address form received from the Receiver);

(l)     Take possession of or, if needed to recover (and the U.S. postal service and all courier or delivery services shall be directed to release to Receiver or his designees), all mail or packages addressed to any of the Borrowers;

(m)     Upon prior notice to all parties and approval of the Court, to abandon any or all of the assets of the Borrowers;

(n)     Take any action necessary to ensure that all licenses required under federal, state, or local law to operate the assets of the Borrowers are maintained; and

7.     <u>Limitation of Receiver's Powers</u>. Notwithstanding the foregoing, the Receiver shall not:

(a)     Sell, transfer or dispose of, in anyway, any real estate, personal property, machinery, assets or debts belonging to Borrowers/Defendants absent specific approval by the Court through a separate Court order.

(b)     Sell, transfer or dispose of, in anyway, receivership property absent specific approval by the Court through a separate Court order.

(c)     Enter into any transactions which are not in the ordinary course of the Receiver's or Borrowers'/Defendants' business, or otherwise authorized in this Order, without Court approval through a separate Court order.

(d)     Other than as set forth herein, pay any pre-Receivership claims without Court approval through a separate Court order; and

Use or apply any funds held by Plaintiff, including but not limited to reserve funds, without the agreement and approval of Plaintiff and authorization by the Court through a separate Court order.  Such funds, if any, may be used only for the specific purposes for which such agreement and approval was given.

8.     <u>Receiver's Duties</u>. The Receiver shall have all duties ascribed to a general receiver

pursuant to Mo. Rev. Stat. § 515.500 et seq. including, without limitation, the following duties:

(a)     The duty to notify all federal and state taxing and applicable regulatory agencies of the Receiver's appointment in accordance with any applicable laws imposing this duty, including but not limited to, 26 U.S.C. § 6036;

(b)     The duty to comply with state law;

609525773.3                                6

EX. B - 006

(c)      The Receiver shall retain custody of all such records and documents pending the final determination of this proceeding, or until further order of the Court;

(d)      The Receiver shall take the steps necessary to place the bank accounts of the Borrowers in the name of the Receivership or to open new accounts.  The Receiver shall immediately enter into discussions with lienholders concerning the use of cash collateral and/or funding for the Receiver's administration and liquidation of Receivership Estate Property and other actions taken in this case, pursuant to a budget as set forth herein; and

9.      <u>Tax Returns</u>. The Receiver shall not be responsible for the preparation and filing of any tax returns for Borrowers or their affiliates including without limitation income, personal property, commercial activity, gross receipts, sales and use, or other tax returns.  To the extent the Receiver undertakes the responsibility of preparing tax returns, Borrowers shall provide to the Receiver any information needed to file any such tax returns for the Receivership Property.

10.      <u>Receiver Not to Spend His Own Funds</u>.  In no event will the Receiver be expected or required to expend any of Receiver's own funds towards the performance of his duties under this Order, or for the benefit of Plaintiff, Defendants, or the Receivership Property.

**C.      Borrowers'/Defendants' duties and prohibitions**

11.      <u>Borrowers' Duties</u>. The Borrowers shall have all duties ascribed to a Debtor pursuant to Mo. Rev. Stat § 515.500, et seq. including, without limitation, the following:

(a)      Within fourteen (14) days of the appointment of the Receiver, make available for inspection by the Receiver during normal business hours all information and data required to be filed with the Court pursuant to this Order, in the form and manner the same are maintained in the ordinary course of the Borrowers' business;

(b)      Assist and cooperate fully with the Receiver in the administration of the Receivership and the discharge of the Receiver's duties, and comply with all orders of this Court;

(c)      Supply to the Receiver information necessary to enable the Receiver to complete any schedules or reports that the Receiver may be required to file with the Court, and otherwise assist the Receiver in the completion of such schedules;

(d)      As soon as possible, but no later than within thirty (30) day of the appointment of the Receiver, deliver into the Receiver's possession all Receivership Property in the Borrowers' possession, custody, or control including, without limitation, all accounts, books, papers, records, and other documents monies, property, books of account, keys, assets, records, documents, bank accounts, access codes, passwords, security deposits, petty cash fund, current aged account

receivable/delinquency report, a list of all litigation by or against the Borrowers, list of utilities and utility accounts, equipment, furniture, vehicles and supplies, all existing service contracts, pending bids for contractor work, all insurance policies for the Receivership Property, computer files and computer equipment, software, management files and passwords needed to access all software and computer files, email account maintained at the on-site management office(s) (and all off-site financial records) including all records relating to the income, operation and management of the Receivership Property, all such other records pertaining to the management of the Receivership Property as may be reasonably required by the Receiver and other personal property in its possession, custody or control pertaining to the Receivership Property; and

(e)     Submit to examination by the Receiver or by any other person upon order of the Court, under oath, concerning the acts, conduct, property, liabilities, and financial condition of the Borrowers or any matter relating to the Receiver's administration of the Receivership.

The Borrowers' officers, directors, managers, members, partners, or other individuals exercising or having the power to exercise control over the affairs of the Borrowers are subject to the requirements of this section of the Order.

12.     Schedules. Within thirty (30) days after the entry of this Order (or as otherwise agreed to by the Receiver and Plaintiff), the Borrowers shall file with the Court and submit to the Receiver and Plaintiff, the schedules required pursuant to Mo. Rev. Stat § 515.560 including, without limitation:

(a)     A true list of all of the known creditors and applicable regulatory and taxing agencies of the Borrowers, including the mailing addresses for each, the amount and nature of their claims, and whether their claims are disputed; and

(b)     A true list of all Receivership Property including the estimated liquidation value and location of the property and, if real property, a legal description thereof, as of the entry of this Order.

13.     Prohibitions. Borrowers and their agents, servants, employees, representatives, attorneys, officers, directors, managers, members, partners, or other individuals exercising or having the power to exercise control over the affairs of the Borrowers are hereby enjoined from:

(a)     Collecting or attempting to collect Income and are hereby further directed to deliver to the Receiver all Income which has or may come into its possession; and

(b)     Interfering in any way with the Receiver in the performance of his responsibilities and duties.

**D.      Budget and Reporting.**

14.     Budget. The Receiver shall provide the Court and Plaintiff a proposed budget for a thirty (30) day period pursuant to the MCRA, upon which Plaintiff's agreement and approval shall be required (the "30 Day Budget").  The Receiver shall provide a proposed budget for a one hundred eighty (180) day period within a thirty (30) day period from the date of the entry of this Order upon which Plaintiff's agreement and approval shall be required (the "180 day Budget", together with the 30 Day Budget, the "Budget").  Budgets thereafter shall be prepared pursuant to further order of the Court and be subject to Plaintiff's agreement and approval.  Upon request of the Receiver, the Plaintiff may agree to amend the Budget at any time. The Receiver shall operate within the terms of the Budget, plus a 10% monthly cushion, with revenues from the Receivership Property as may be supplemented by additional funds to be provided by Plaintiff in its sole and absolute discretion.

15.     Operating Report. The Receiver is directed to prepare, on or before the last day of the month following the first full month of operation of the Receiver, and thereafter on the last day of each month so long as the Receivership Property shall remain in the Receiver's possession or care, a full and complete report of the Receiver's operation and financial affairs for the prior month. The monthly operating report shall contain the following: (a) a balance sheet; (b) a statement of income and expenses; (c) a statement of cash receipts and disbursements; (d) a statement of accrued accounts receivable of the Receiver; (e) a statement disclosing amounts considered to be uncollectable; (f) a statement of accounts payable of the Receiver, including professional fees. Such statement shall list the name of each creditor and the amounts owing and remaining unpaid over thirty (30) days; and (g) a tax disclosure statement, which list post filing taxes due or tax deposits required, the name of the taxing agency, the amount due, the date due, and an explanation for any failure to make payments or deposits. The Receiver shall serve a copy of each report upon

609525773.3

9

counsel for Plaintiff and upon the Borrowers or their attorney of record. Such reports, however, shall be kept confidential.

16.  Further Reports and Schedules. Upon further order of the Court, the Receiver shall file such additional schedules, reports of assets, liabilities, or inventories that are necessary and proper. Whenever a list or schedule required pursuant to this Order is not prepared and filed by the Borrowers, the Receiver shall prepare and file such list or schedule within a time to be fixed by the Court. The Court may approve reimbursement of the reasonable cost in complying with such order as an administrative expense.

**E.    Claims, Defenses.**

17.  Assertion of Claims. The Receiver shall use his reasonable efforts to collect the legally enforceable accounts receivable and other obligations owing to the Borrowers.  Pursuant to Mo. Rev. Stat. § 515.595, the Receiver shall bring, or intervene in, an action or actions, if necessary, to collect the obligations, and shall use his efforts to settle and compromise any of the accounts receivable, rents, debts or obligations whenever the Receiver shall deem it advisable to do so, on such terms and conditions as appear to the Receiver to be justifiable, all of which shall be subject to the agreement and approval of Plaintiff.  All such actions shall be brought in this Court, unless otherwise so directed or required by law. The Receiver shall not be entitled to settle and/or compromise any causes of action or other claims the Borrowers have or may have against Plaintiff or Receiver without Court approval and notice to the Borrowers.  All such actions shall be brought in this Court, unless otherwise so directed.

18.  Receiver Entitled to Judicial Immunity.  Pursuant to Mo. Rev. Stat. § 515.600.1, the Receiver and the agents, attorneys, professionals and employees of the Receiver shall enjoy judicial immunity for acts and omissions arising out of and performed in connection with his official duties on behalf of the court and within the scope of his appointment.

19.     No Right to Bring Action Against Receiver.  Pursuant to Mo. Rev. Stat. § 515.600.2, no person or entity may file suit against Receiver, or take other action against Receiver, without an order of the Court permitting a suit or action, but no party to a prior Court order is required to file a motion in the action to enforce the provisions of this Order or any other order of the Court in the action.

(i)     Receiver and his employees, agents, professionals and attorneys will have no personal liability in connection with any liabilities, obligations, liens, or amounts owed to any of Defendants' creditors because of his duties as Receiver. Nothing in this Order will grant any rights to trade creditors or general unsecured creditors, whose rights will be solely determined in accordance with Missouri law.

(ii)    Receiver and his employees, agents, professionals and attorneys will have no personal liability, and they will have no claim asserted against them relating to Receiver's duties under this Order, except for claims due to their gross negligence, gross or willful misconduct, malicious acts, and/or the failure to comply with the Court's orders.

(iii)   The Receiver, the Receiver's attorneys, the Receiver's professionals and their agents (i) may rely on any and all outstanding court orders, judgments, decrees and rules of law, and shall not be liable to anyone for their own good faith compliance with any such order, judgment, decree or rule of law; (ii) may rely on, and shall be protected in any action upon, any resolution, certificate, statement, opinion, report, notice, consent, or other documents believed by them to be genuine and to have been signed or presented by the proper parties; (iii) shall not be liable to anyone for their good faith compliance with their duties and responsibilities as a Receiver, or as attorneys or professionals or agents for the Receiver; and (iv) shall not be liable to anyone for their acts or omissions, unless such acts or omissions were outside the scope of their duties or were grossly negligent or constitute malfeasance. Except for acts or omissions that were outside the scope of

609525773.3                              11

the duties of the Receiver, the Receiver's attorneys, or their professionals or agents, or that were grossly negligent or constitute malfeasance, persons dealing with the Receiver shall only look to the Receivership assets to satisfy any liability, and neither the Receiver nor his attorneys or his professionals or agents shall have any personal liability to satisfy such obligations.

(iv) Following the Receiver's appointment, the Receiver shall not be deemed in any way to be an owner of the Receivership Property. Except as may otherwise be set forth in this Order, the Receiver and his employees, agents, attorneys, professionals and management companies shall have no liability as to any claim, actions, or causes of action of any third parties who have or would have claims against the owner, lessee, operator, or manager of the Receivership Property or the business of Defendants; provided, however, the Receiver may be liable for the Receiver's own negligence or misconduct that is intentional or willful.

**F.      Compensation and Employment of Management Personnel and Professionals.**

20.     Receiver's Compensation. The Receiver's compensation shall be $450 per hour. In addition to the hourly rate, the Receiver shall be entitled to the reimbursement of reasonable out-of-pocket expenses necessary to perform the Receiver's duties. The Receiver is to obtain Plaintiff's prior consent for any out-of-pocket expenses, which consent may be given through Plaintiff's approval of a Budget or otherwise. The Receiver's compensation shall be subject to the Court's review and approval as set forth herein and pursuant to Mo. Rev. Stat. § 515.605.

21.     Management Personnel. By this Order, the Receiver is authorized and empowered, without further leave of the Court, to employ any assistants, agents, professionals, managers or other persons and entities deemed necessary and proper to assist the Receiver in diligently executing the duties imposed by this Order including, but not limited to, managing, ensuring, maintaining, preserving and protecting the Receivership Property that is in the possession or under the care and control of the Receiver (collectively, the "Management Personnel"), upon such terms and

conditions as the Receiver deems just and beneficial to the performance of his duties; provided, however, that any management agreement and the compensation to be paid thereunder shall also be subject to the agreement and approval of Plaintiff, whether through approval of a Budget or otherwise. The Receiver shall pay the Management Personnel such compensation for their services as the Receiver deems to be proper, subject to Plaintiff's agreement and approval. Any such payments, however, which are not in the ordinary course of the Receiver's business, shall also be subject to Court approval.

22. Professionals. The Receiver is authorized and empowered to employ pursuant to Mo. Rev. Stat § 515.605 attorneys, accountants, agents, tax appeal consultants and other professionals (collectively, the "Professionals") as the Receiver may from time to time deem appropriate and on such terms as the Receiver deems appropriate. The Receiver's and Professionals' compensation shall be subject to the Court's review and approval in accordance set forth pursuant to Mo. Rev. Stat. §515.605.4. Accordingly, the Professionals shall file with the Court and serve on the parties' periodic requests for the payment of such reasonable compensation.

23. Source of Compensation. The Receiver, Management Personnel and Professionals shall maintain detailed time records reflecting the compensation to be paid. The fees and expenses for the Receiver, Management Personnel, and Professionals shall be paid from the Income or Assets of the Borrowers/Defendants. Any professional fees and expense reimbursements payable to Receiver or his Professionals shall be subject to the following process:

(a) Approximately every thirty (30) days after the Effective Date (as hereinafter defined), the Receiver and each Professional seeking compensation shall serve and file a motion for payment for services rendered and reimbursement of expenses incurred during the immediately preceding month and attaching to the motion an itemization of the services rendered on a line items basis describing the date the services or expenses were incurred, a description of the services provided or the expenses incurred and the amount of the services provided or the expenses incurred (a "Monthly Fee Statement") on: (a) the Receiver; (b) the Plaintiff, and (c) the Borrowers (each a "Notice Party" and collectively, the "Notice Parties"). Fees and expenses approved by the Court shall be paid within five days of the entry of the Order.

(b)      Any Notice Party receiving a Monthly Fee Statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written notice of objection (a "Notice of Objection to Fee Statement") (which shall not be filed with the Court) upon the other Notice Parties within ten (10) business days of receiving the Monthly Fee Statement (the "Objection Deadline"). Any objection to fees or expense must be on a line item basis with a computation of the total amount of the services or expenses objected to. Any fees or services not objected to shall be paid by the Receiver without a specific Court Order required. Any objection to fees shall be heard by the Court within twenty days of the date the objection is filed subject to the availability of the Court.

(c)      In the absence of any timely objection, the Receiver is authorized to pay the fees and expenses identified in each Monthly Fee Statement, regardless of whether any such fees and expenses exceed the Budget.

(d)      If the Receiver receives a Notice of Objection to Fee Statement, it shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and expenses. Any fees or expenses identified in the Notice of Objection to Fee Statement may only be paid pursuant to (x) the objecting party withdrawing, in writing to the Notice Parties, its Notice of Objection to Fee Statement or (y) an order of the Court.

(e)      Prior to the termination of the receivership, the Receiver and each of the Professionals shall file with the Court, and serve on the Notice Parties an application (a "Fee Application") for Court approval and allowance of the compensation and reimbursement of expenses sought by the Receiver and such Professional in its Monthly Fee Statements.

(f)      The Court shall schedule and conduct a hearing to determine all Fee Applications pending before it. If no objections have been filed or all objections have been withdrawn, the Court may approve all uncontested Fee Applications without a hearing.

(g)      The objection to a Monthly Fee Statement shall not disqualify the Receiver or any Professionals from the future payment of compensation or reimbursement of expenses as set forth above. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement of expenses under the procedures outlined above shall bind this Court with respect to the final allowance of applications for compensation and reimbursement of the Receiver or any Professionals.

(h)      The fees and expenses of Receiver, Management Personnel and Professionals shall be paid from funds in the Receivership Account. To the extent the Receivership Account does not have sufficient funds to pay for the fees and expenses for the Receiver, Management Personnel and Professionals, Plaintiff shall advance funds to pay for any deficiency. The monthly application for the Receiver, Management Personnel and Professionals shall set out the funds available in the Receivership Account to pay fees and expense of the Receiver, Management Personnel and Professionals and any deficiency to pay the fees and expenses of the Receiver, Management Personnel and Professionals shall be clearly set out. Once an order approving the fees and expenses of the Receiver, Management Personnel and Professionals is entered, which will set out an amount for which funds are not available in the Receivership Account to pay, Plaintiff within fifteen (15) days will fund the deficiency amount of any payment of fees and expenses due and payable to the

Receiver, Management Personnel and Professionals of the entry of the order approving the fees and expenses.

**G.      Appointment of general receiver to operate as a stay.**

24.      Stay Applicable for 60 Days.  Pursuant to Mo. Rev. Stat. §515.575.1, for the sixty days following entry of this Order, there shall be a stay as to all causes of action and activities as more fully set forth in subparagraphs (1) – (5) of §515.575.1 as against the debtor or Receivership Property, save those exceptions which are outlined within Mo. Rev. Stat. §515.575.3.

**H.      Abandonment, Sale, Executory Contracts/Unexpired Leases and Surcharge.**

25.      Abandonment of Receivership Property. The Receiver or any party to the receivership action upon order to the Court following Notice and a Hearing and upon the terms and conditions the Court considers just and proper may abandon any Receivership Property that is burdensome to the Receiver or is of inconsequential value or benefit. Property that is abandoned no longer constitutes Receivership Property.

26.      Executory Contracts and Unexpired Leases. Pursuant to Mo. Rev. Stat. § 515.585, the Receiver may assume, reject or assign any executory contract or unexpired lease of the Borrowers upon further order of this Court following Notice and a Hearing, which shall include notice to persons party to the executory contract or unexpired lease to be assumed, rejected, or assigned. The Court may condition assumption, rejection, or assignment of any executory contract or unexpired lease on the terms and conditions the Court believes are just and proper under the particular circumstances of the action and to the extent allowed by applicable law. The Receiver's performance of an executory contract or unexpired lease prior to this Court's authorization of its assumption or rejection shall not constitute an assumption of the executory contract or unexpired lease, or an agreement by the Receiver to assume it, nor otherwise preclude the Receiver thereafter from seeking this Court's authority to reject it. The Receiver may not assign an executory contract

or unexpired lease without assuming it, absent the consent of the other parties to the contract or lease. Nothing in this Order affects the enforceability of anti-assignment prohibitions provided under contract or applicable law.

27. <u>Surcharge</u>. Any secured creditor that is duly perfected under applicable law shall receive the proceeds from the disposition of Receivership Property that secures its claim. However, the Receiver may recover from Receivership Property secured by a lien or the proceeds thereof the reasonable, necessary expenses of preserving, protecting, or disposing of the Receivership Property to the extent of any benefit to a duly perfected secured creditor. Duly perfected secured claims shall be paid from the proceeds in accordance with their respective priorities under otherwise applicable law. Notwithstanding the foregoing, expenses incurred during the administration of the Receivership have priority over Plaintiff's secured claim and any other secured creditor that consents to the appointment of the Receiver, and the Receiver and any Professionals employed by the Receiver and all expenses and costs of the Receivership shall be afforded the protections applicable herein pursuant to Mo. Rev. Stat. § 515.625.1(1) and (2).

**I. Binding Nature of Orders and Notice**

28. <u>Binding Nature</u>. Creditors and Parties-In-Interest who are given notice as provided pursuant to Mo. Rev. Stat. 515.520 and creditors or persons otherwise appearing and participating in the Receivership are bound by the actions of the Receiver and the orders of this Court relating to the Receivership whether or not the person is a party to the Receivership Action. Notwithstanding the foregoing, should further, other, or additional notice be required pursuant to any provision of Mo. Rev. Stat 515.500 et seq., or any other applicable statute, court rule, or regulation, such notice shall be required to be given in addition to the notice(s) provided in this paragraph.

29. <u>General Notice of Receivership Action</u>. Pursuant to Mo. Rev. Stat. § 515.520.1, within 10 business days after entry of this Order, the Receiver shall give notice of the appointment to all Parties-In-Interest including the secretary of state for the State of Missouri, and state and federal taxing authorities. Such notice shall be made by first class mail and proof of service thereof shall be filed by the Court. The content of such notice shall include: (a) the caption reflecting this action; (b) the date this action was filed; (c) the date the Receiver was appointed; (d) the name, address, and contact information of the Receiver; (e) the general description of the Receivership Property; (f) Borrowers' names and addresses and, if known, the name and address of the Borrowers' attorney; (g) the Court's address at which pleadings, motions, or other papers may be filed; and (h) a copy of this Order.

30. <u>Publication Notice</u>. Pursuant to Mo. Rev. Stat. § 515.520.2, the Receiver shall also give notice of this Receivership by publication in a newspaper of general circulation in the county or counties in which Receivership Property is known to be located once a week for three consecutive weeks. The first notice shall be published within thirty (30) days after the date of the appointment of the Receiver. The notice of the Receivership shall include the date of appointment of the Receiver, the name of this Court and the action number, and the name and address of the Borrowers, the Receiver, and the Receiver's attorney, if any. For purposes of this section, all intangible property included as Receivership Property is deemed to be located in the county in which the Borrowers maintains its principal administrative offices.

31. <u>Borrowers Cooperation</u>. Borrowers shall cooperate with all reasonable requests for information from the receiver for purposes of assisting the Receiver in providing notice required by this Order. The failure of the Borrowers to cooperate with any reasonable request for information may be punished as a contempt of court.

**J.      Term, Termination, and Final Accounting.**

609525773.3

17

32. <u>Termination</u>. This Receivership shall continue until further Order of the Court.

33. <u>Removal of the Receiver</u>. The Receiver can be removed in the Court's equitable discretion upon a motion for cause. The Receiver may resign upon thirty (30) days written notice or sooner upon a motion for cause. Cause shall include non-payment of the fees of the Receiver. If the Receiver is removed or resigns, a successor receiver can be appointed by further order of the Court.

34. Immediately upon termination of the Receivership, the Receiver shall turn over to Plaintiff or its designee (including any property manager), all of the Receivership Property that Plaintiff asserts a valid security interest or lien in unless otherwise ordered by the Court. All such other Receivership Property shall be turned over as further directed by the Court.

35. Neither the termination of the Receivership nor the Receiver's removal or resignation will discharge the Receiver or the Receiver's bond.

36. The Receiver shall submit a final accounting (with copies to counsel for the Plaintiff and upon the Borrowers or their attorney of record) for approval by the Court within thirty (30) days after the termination of the Receivership or the Receiver's removal or the Receiver's resignation.

37. Only after the Court approves the Receiver's final accounting may the Receiver be discharged and the Receiver's bond be cancelled.

**K.     Modification of this Order and Supplementation by Missouri Commercial Receivership Act.**

38. The Court shall modify this Order as it deems appropriate, including as to the proper amount of the Bond required of the Receiver.

39. The Receiver, during the pendency of this action, shall have the right to apply to this Court for further instructions or directions. Further, this Order is without prejudice to (i) any Party-In-Interest or the Receiver, during the pendency of this action, seeking modification of this Order; or (ii) any party opposing such modification. To the extent that a party seeks to modify this Order,

such party must provide reasonable notice to Plaintiff, Borrowers, and the Receiver. The party seeking modification shall have the burden of proof with respect to the same.

IT IS SO ORDERED.

17 November 2023

_____
JUDGE JAMES F. KANATZAR

Submitted by:

*/s/ Cynthia Dillard Parres*
BRYAN CAVE LEIGHTON PAISNER LLP
Cynthia Dillard Parres, MO 37826
Jennifer L. Berhorst, MO 61784
1200 Main Street, Suite 3800
Kansas City, Missouri 64105
Telephone:     (816) 374-3200
Facsimile:      (816) 374-3300
cindy.parres@bclplaw.com
jennifer.berhorst@bclplaw.com
ATTORNEYS FOR PLAINTIFF

*/s/ Janice Stanton*
Stanton & Redlingshafer, LLC
Janice Stanton
104 W 9th Street, Suite 303
Kansas City, MO 64105
Telephone:     (816) 641-5711
Facsimile:     (816) 421-7773
jstanton@sr-lawfirm.com
ATTONEY FOR DEFENDANTS

609525773.3

19

EX. B - 019