**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

BRENT KING, Receiver, )
    Plaintiff, )
     )
v. )    Case No.: 25-cv-00150-BP
     )
TEXAS INSURANCE COMPANY )
     )
     )
    Defendant. )
     )

## SUGGESTIONS IN SUPPORT OF MOTION TO BAR DEFENSE COUNSEL ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW

Plaintiff respectfully moves this Court for an order barring Kim West from further participating in this matter on behalf of Defendant Texas Insurance Company, and states the following in support:

### I.    Introduction

This Motion arises from the ongoing unauthorized practice of law before this Court by Kim West, an out-of-state attorney, who is neither admitted to the Bar of this District nor admitted *pro hac vice*, in direct violation of Local Rule 83.5. Despite having no authority to appear, Mr. West has drafted the substantive pleadings on behalf of Defendant. In addition, Mr. West drafted the baseless Motion for Sanctions, intended to pressure Plaintiff into dismissing this action. These tactics, executed outside the boundaries of this Court's rules, violate the Local Rules of the Western District of Missouri and undermine the integrity of proceedings before this Court.

### II.    Background

1.    Mr. West is not licensed to practice in the State of Missouri and is not admitted to the Bar of the United States District Court for the Western District of Missouri.

2.    Mr. West is Of Counsel at Clyde & Co., located in California.

1

3.      Mr. West has not filed an application for *pro hac vice* admission under Local Rule 83.5(h).

4.      Nevertheless, Mr. West has been drafting the substantive filings for Defendant in this case. *See* Doc. 7, 8, 12.

5.      Mr. West also drafted the Motion for Sanctions that duplicates the substance of Defendant's Motion to Dismiss, but adds a demand for financial penalties solely based on Plaintiff's refusal to voluntarily dismiss this case. *See* Doc. 17, 18.

6.      These filings are submitted to the Court by a local attorney, who nominally appears as counsel of record but is not the true author or principal drafter of the legal arguments presented.

**III.    Legal Standards**

Local Rule 83.5(a) provides: "Except as otherwise provided in this Rule, only members of the Bar of this District, attorneys admitted pro hac vice, and individuals representing themselves may appear or practice before this District."

Local Rule 83.5(h)(2) further provides:

> An attorney that is not a member of this Bar may appear in a case, but must comply with Rule 83.5(h)(3) within 14 days after entering the appearance. **If the attorney fails to do so, then the Court, upon motion or sua sponte, may remove the attorney from the case.**

(emphasis added). These rules are designed to ensure accountability, ethical compliance, and proper oversight of those who seek to practice before this Court.

**IV.    The Court Should Bar Mr. West From Further Participation Because He Has Been Impermissibly Practicing Before this Court Without Authorization**

The preparation, drafting, and submission of pleadings, including dispositive motions and the motion for sanctions, constitute direct practice of law before this Court. Mr. West is "appearing" and "practicing" law before this Court without being a member of the Bar or obtaining temporary *pro hac*

2

*vice* admission for purposes of this case. His participation represents the improper practice of law before this Court.

Mr. West is an experienced attorney and is well aware that he is required to obtain *pro hac vice* admission before practicing before this Court. He has chosen to disregard the rules of this Court by not seeking proper admission. This choice nullifies the Court's admission rules and constitutes the unlicensed practice of law. Further, he has drafted and had local counsel file the motion for sanctions without being admitted before this Court. Mr. West's conduct deprives the Court and opposing parties of the transparency and accountability expected from admitted practitioners.

Even assuming that the attorney's participation could be construed as an "initial appearance," more than 14 days have elapsed since Mr. West began practicing before the Court without any *pro hac vice* application being filed. Under Local Rule 83.5(h)(2), this alone is sufficient for the Court to remove Mr. West from the case.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Bar Kim West from any further participation in this case;

2. Strike the Motion for Sanctions because it is the product of the unlicensed practice of law;

3. Order Defendant to disclose whether any filings to date were prepared, in whole or in part, by Mr. West or any other attorney not admitted to this Court;

4. Determine whether to Order additional ethical or other remedies against Mr. West as a result of his unlicensed practice of law; and

5. Grant such other relief as the Court deems just and appropriate to preserve the integrity of proceedings before this Court.

3

Respectfully submitted,

**Fagan & Emert, LLC**

/s/Christopher S. Dove
Christopher S. Dove          #64641
Brennan P. Fagan          #53583
800 New Hampshire St., Ste. 110
Lawrence, Ks 66044
(785) 331-0300 – Telephone
(785) 331-0303 – Facsimile
Cdove@faganemert.com
bfagan@faganemert.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 1st day of July 2025, a true and correct copy of the above and foregoing was filed with the Clerk of Court via the electronic filing system, which will automatically send notice of such filing to all counsel of record in accordance with the rules.

/s/Christopher S. Dove
Christopher S. Dove          #64641

4