# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

BRENT KING, Receiver,  )
    Plaintiff,  )
                    )
v.  )       Case No.: 25-cv-00150-BP
                    )
TEXAS INSURANCE COMPANY  )
                    )
                    )
    Defendant.  )
                    )

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER JUDGMENT</u>

In its July 22, 2025, Judgment, the Court correctly held that the Receiver has standing to bring suit when its insurer refuses coverage under a policy intended to pay the losses of third parties. This decision follows Missouri law. *See, e.g. Sprint Lumber, Inc. v. Union Insurance Company*, 627 S.W.3d 96 (Mo. Ct. App. 2021). With this holding, the Court resolved, in favor of the Receiver, the issues raised by Defendant's motion to dismiss.

However, the Court, *sua sponte*, then conducted its own analysis of the Policy and concluded the Complaint did not state claims for breach of contract and vexatious refusal because there were no allegations of a "Claim" or "Loss," as defined under the Policy. Defendant did not raise these issues in its briefing. In an adversarial system, it is not the Court's role to raise defenses on behalf of Defendant, particularly when the Receiver is not provided the opportunity to address the issues. On its own, this highly unusual procedure is manifestly unjust. Further, without the aid of adversarial briefing, the Court has made manifest errors of law and fact in its review of the Complaint and Policy. The Court should alter its Judgment to maintain its ruling that the Receiver has standing but reverse its decision that the Receiver did not state a claim for breach of contract and vexatious refusal.

1

**LEGAL STANDARDS**

A party may file a motion to alter or amend a judgment under Rule 59(e). "The purpose of Rule 59(e) is to make clear that district courts possess the power to correct their own mistakes in the period immediately following the entry of a judgment." *E.E.O.C. v. Wal-Mart Stores, Inc.*, No. 04-00076-CV-W-GAF, 2005 WL 3489206, at *4 (W.D. Mo. Dec. 21, 2005) (*citing White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)). Among other reasons, a Rule 59(e) motion is appropriate to correct manifest errors of law or fact.

> "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (internal quotation marks omitted). They may not "be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

*Fine v. United States*, No. 12-CR-268-W-DGK-13, 2016 WL 3167262, at *1 (W.D. Mo. June 6, 2016).

Courts consistently state a Rule 59(e) motion is not an opportunity to raise arguments that could have been raised before the judgment. That, however, is not the basis for the Receiver's motion. Rather, because Defendant did not raise the issue of whether the Complaint pled facts to support the causes of action, the Receiver has not yet briefed this issue. Moreover, the Receiver has not had an opportunity to address the Court's rationale taken on its own initiative.

**ARGUMENT**

**A.      The Court Properly Held that the Receiver Had Standing**

The entirety of Defendant's motion to dismiss (and motion for sanctions) was that a policy holder does not have standing to bring suit under a policy that paid losses suffered by third parties. The Court rejected this argument holding: "…Plaintiff is not asserting this claim as a disinterested third-party, but rather as an insured trying to receive the bargained-for coverage pursuant to its policy. Plaintiff is not a third-party under these circumstances, and it has standing under Article III to assert

2

this claim." *See* Order, at 5. With that holding, the Court should have denied Defendant's motion to dismiss, and the case should have proceeded.

**B.      The Court Made Manifest Errors of Law and Fact in Its *Sua Sponte* Analysis of the Receiver's Causes of Action**

The Court, on its own initiative, concluded that the Complaint did not state a claim for breach of contract or vexatious refusal because there were no allegations of a "Claim" or "Loss" as defined under the Policy. *See* Order, at 6-8. Without the benefit of the Receiver's briefing, the Court erred in its understanding of the meaning of the terms "Claim" and "Loss" as well as where the Complaint pled facts regarding these terms. In summary, the Complaint sufficiently alleged "Claims" made by former customers against Empirical Prime and its subsidiaries ("Empirical") who suffered "Losses" resulting from the wrongful acts of the company.

**1.      The Complaint Alleges a Claim under the Policy**

The Court began its investigation by interpreting the definition of Claim under the Policy. The term Claim is found in the coverages provided under the Policy. With respect to the Entity Liability coverage the Policy provides:

> We will pay Loss on behalf of the Insured Organization resulting from a Claim first made against such Insured Organization during the Policy Period or any applicable Extended Reporting Period and reported to Us pursuant to the terms of this Policy, for a Wrongful Act by the Insured Organization.

*See* Ex 1 at pdf p. 23.

Thus, Defendant is to pay "Loss" resulting from a "Claim" made against Empirical that is "reported to" Defendant. As the Court points out, one definition of Claim is a "Written demand against the Insured for monetary damages or non-monetary or injunctive relief." *See* Ex 1 at pdf p. 24.

On its own, the Court surmised the only possible allegations of a "Claim" in the Complaint are the (1) demand letters sent to Defendant, or (2) the Complaint in the Receivership Action. The

Court concluded neither of these acts would satisfy the definition of Claim in the Policy, and, therefore, that the Receiver had not alleged a Claim under the Policy.

The Court's conclusion results from a misunderstanding of the term "Claim," and then not locating where the Receiver pled the existence of Claims in the Complaint. Although not an issue raised by Defendant, the Receiver identified the Claims under the Policy in its briefing opposing Defendant's motion to dismiss, including citing to the allegations in the Complaint. The Receiver's response to the motion to dismiss, includes a section entitled: "C. Claims Under the Policy." *See* Dkt. 10 at p. 5. Under that section, the Receiver quotes from the Complaint: "The Claim Letters provided Defendant with **extensive factual details and documentary evidence of the claims against the Insured Organization by lenders and customers** …" *Id.* (emphasis added). The quoted language is from Paragraph 14 of the Complaint. *See* Dkt. 1-2 at ¶ 14. The Complaint further alleges: "In the Receivership Case, numerous clients now have significant claims. The value of lost deposits exceeds $1million, with individual losses ranging from $40,000 to $325,000 per customer." *See* Dkt. 1-2 at ¶ 14r.

Going back to the Entity Liability coverage language from the Policy, the Complaint sufficiently alleges written "Claims" made "against such Insured Organization [Empirical]" that were "reported to" Defendant. Numerous former customers have made written claims to recover against Empirical in the Receivership. The Receiver's demand provided notice of these Claims to Defendant.

Further, because the Court determined it appropriate to look to the pleadings filed in the Receivership Action, the Court should take note of the initial Receiver's Report, which identified just a sample of numerous claims against Empirical by former customers. *See* Ex. 2 at pp 5-21.

Notably, Defendant did not deny the Receiver's demand based upon an absence of a written Claim. As alleged in the Complaint, Defendant did not even respond to the Receiver's demand. *See*

Cmplt. ¶ 23. Further, Defendant's motion did not argue that the case should be dismissed because there had been no written Claim against Empirical.

However, in this instance, the Court, on its own, made findings of fact in the context of a motion to dismiss. At the motion to dismiss stage, "the Court 'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[].'" *See* Order p. 3 (*citing Stodghill v. Wellston School Dist.,* 512 F.3d 472, 476 (8th Cir. 2008); *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013). The Complaint sufficiently alleges that Claims had been made against Empirical. The Court "must accept as true" these allegations. It is not appropriate for the Court to attempt to make factual findings on the sufficiency of the Claims.[1]

### 2. The Complaint Alleges a Loss

The Court next concluded that the Receiver had not alleged there was a "Loss" under the Policy. However, as explained above and here, the Receiver alleged that the former customers have submitted Claims against Empirical Prime for Losses the customers suffered. As pled in the Complaint: "In the Receivership Case, numerous clients now have significant claims. The value of lost deposits exceeds $1million, with individual losses ranging from $40,000 to $325,000 per customer." *See* Cmplt. at ¶ 14r. These are examples of the Losses suffered as a result of the actions of Empirical.

The Court appears to misunderstand the purpose of a Receivership established under the Missouri Commercial Receivership Act. In footnote 9 of the Judgment, the Court states: "The Receivership Action would never create a legal obligation for Empirical to pay itself its lost profits or the money stolen from it, so much of what Plaintiff requests would never result in a Loss from the

---

[1] In footnote 8, the Court questions whether there is a coverage exclusion for contract claims. Again, the Court attempts to provide defenses not raised by Defendant, placing the Court at risk of factual and legal error when it operates outside the adversarial system. As indicated in the Policy, the contractual exclusion does not apply "to the extent that the Insured Organization would have been liable in the absence of such contract or agreement." *See* Ex. [] at pp 29-30. As the Court is aware, former customers and lenders have numerous causes of action available outside of breach of contract. For purposes of pleading a claim in this lawsuit, the Receiver is not required to explain away every exclusion in the Policy.

Claim." The Receivership Action was not created to recover assets for Empirical or its owners. The Receiver did not bring suit against Defendant to obtain insurance proceeds to distribute to Empirical or its owners. The Receivership has been created to recover assets to pay to creditors of Empirical, including its former customers. The Receiver is equivalent to a Chapter 7 bankruptcy trustee. Under the Receivership, the Receiver is collecting property of the Receivership to distribute to creditors, including former customers, under the claims administration process set forth in the Missouri Commercial Receivership Act. *See* Mo. Stat. §§ 515.615, 515.620, 515.625.

Defendant did not deny the Receiver's demand because there was no Loss. Not even Defendant argues the Receiver is attempting to recover insurance proceeds to enrich Empirical. The Receiver has sufficiently alleged the Losses of the former customers that resulted in Claims against Empirical.

### C. The Court Should Grant Leave to Amend the Complaint

As alleged in the Complaint, after the Receiver made demand, Defendant simply refused to respond. *See* Cmplt. ¶ 23. The Receiver properly pled causes of action for breach of contract and vexatious refusal. It has long been the law in Missouri that an insurer becomes liable for vexatious refusal when it refuses or unreasonably delays a response to a demand, particularly when there are no reasonable grounds for denying coverage *See Nat'l Battery Co. v. Standard Acc. Ins. Co.*, 226 Mo. App. 351, 41 S.W.2d 599, 604 (1931).

Defendant did not cite the absence of a "Claim" or "Loss" in refusing the Receiver's demand of coverage. Additionally, Defendant did not argue for dismissal of this suit based upon the absence of a "Claim" or "Loss." Nevertheless, the Court *sua sponte* focused on these issues in its Order. The Receiver cannot be expected to plead allegations in the Complaint or make arguments in briefing to counter every possible defense that could be raised under the Policy when they were not issues Defendant raised. The Receiver pled the allegations necessary to address Defendant's refusal to

6

respond to the demand. If Defendant had stated grounds for denial, then the Receiver would address those issues in the Complaint. Likewise, if Defendant raised these issues in its motion to dismiss, then the Receiver would have addressed those issues in its response.

In the event the Court still believes the Receiver has not pled sufficient facts to support claims for breach of contract and vexatious refusal, the Court should grant the Receiver's motion for leave to file an Amended Complaint, which will be filed separately. Amendment would not be futile because the facts exist to support the terms "Claim" and "Loss" and amendment could more adequately allege the causes of action.

WHEREFORE, the reasons set forth, the Court should alter its Judgment by reversing its decision that the Receiver did not state a claim for breach of contract and vexatious refusal, yet maintain its ruling that the Receiver has standing, or, in the alternative, grant the Receiver's motion for leave to file an Amended Complaint, and for such further relief as the Court deems appropriate.

Respectfully submitted,

**FAGAN & EMERT, LLC**

/s/Christopher S. Dove
Christopher S. Dove          #64641
Brennan P. Fagan            #53583
800 New Hampshire St., Ste. 110
Lawrence, Ks 66044
(785) 331-0300 – Telephone
(785) 331-0303 – Facsimile
Cdove@faganemert.com
bfagan@faganemert.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 19th day of August 2025, a true and correct copy of the above and foregoing was filed with the Clerk of Court via the electronic filing system, which will automatically send notice of such filing to all counsel of record in accordance with the rules.

/s/Christopher S. Dove
Christopher S. Dove          #64641

7